IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SHERWAYNE D. FRAZIER, #1587204 | § | |
| VS. | § | CIVIL ACTION NO. 6:15cv669 |
| TODD FOXWORTH, ET AL. | § | |

<u>ORDER OF PARTIAL DISMISSAL</u>

Plaintiff Sherwayne D. Frazier, an inmate previously confined at the Michael Unit of the Texas prison system, proceeding *in forma pauperis* and *pro se*, filed the above-styled and number civil rights lawsuit. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation for the disposition of the lawsuit. Frazier has filed objections.

Frazier alleges that he was the victim of excessive use of force at the Michael Unit on July 7, 2013. He named the following five people as defendants: Warden Todd Foxworth, Captain Christopher Holman, Lt. Robert C. Bush, Jr., Officer Derek W. Light, and Sgt. Robert L. Taylor. He has alleged facts sufficient to proceed against Captain Holman, Officer Light and Sgt. Taylor. He objects to the recommendation to dismiss Warden Foxworth and Lt. Bush. Magistrate Judge Love correctly concluded that they may not be held liable because (1) they were not personally involved in the constitutional deprivation, and (2) there was no showing of a causal connection between their wrongful conduct and the constitutional deprivation. *Thompkins v. Belt*, 828 F.3d 298, 304 (5th Cir. 1987). Frazier admits that they did not use force against him, but he argues that they may be held liable as supervisors under theories discussed in *Vaughan v. Rickets*, 859 F.2d 736 (9th Cir. 1988), and *Meriweather v. Coughlin*, 879 F.2d 1037 (2nd Cir. 1989). The Court notes that decisions issued by the Ninth and Second Circuits are not binding authority on courts in the Fifth Circuit. This Court is

governed by Fifth Circuit and Supreme Court precedent. Plaintiff has not alleged facts satisfying the Fifth Circuit's requirements set forth in *Thompkins*. He also failed to satisfy the Supreme Court's requirements established in *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The objections lack merit.

Frazier also mentioned a number of people in his statement of claim. He did not include them on his list of defendants. In his objections, he states for the first time that he also wants to sue them. Claims raised in objections to a report and recommendation, as opposed to an amended complaint, are not properly before the Court. *Harrison v. Smith*, 83 F. App'x 630, 631 (5th Cir. 2003); *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). The objections lack merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Frazier to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Frazier's objections lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Report and Recommendation (doc. #30) is **ADOPTED**. It is further

**ORDERED** that Frazier may proceed with his excessive use of force claims against Captain Christopher Holman, Officer Derek W. Light and Sgt. Robert L. Taylor. It is further

**ORDERED** that Frazier's remaining claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**It is SO ORDERED**.
SIGNED this 3rd day of December, 2015.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE